FILED

AUG 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES FREDERICK MENEFIELD, | No. 10-16455 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01484-OWW-DLB |
| v. | |
| MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

James Frederick Menefield, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

prison officials violated his due process rights when they retained him in a security

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

housing unit for an indeterminate term.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under 28 U.S.C. §§ 1915(e), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and 1915A, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed the federal due process claim because even assuming that there was a liberty interest at stake, Menefield failed to allege facts suggesting that he was denied due process.  *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ."); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth the minimum due process required when a prisoner faces disciplinary charges).

The district court did not abuse its discretion by dismissing without leave to amend because amendment would have been futile.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**